In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01114-CR




YSIDRO RIOS RIVERA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 05CR2241


 

MEMORANDUM OPINION

          A jury found appellant, Ysidro Rios Rivers, guilty of sexual assault of a child,



and, having found the enhancement paragraph alleging a prior conviction for
aggravated sexual assault of a child true, the trial court assessed punishment at life
in prison. In four issues on appeal, appellant contends that the trial court erred in  (1)
refusing to allow evidence of the child victim’s prior sexual history to refute medical
evidence of the alleged sexual assault offered by the State, (2) refusing to allow a
mental examination of the child victim to assess her credibility as a witness, (3)
denying his motion for a directed verdict based on insufficiency of the evidence, and
(4) denying his motion for mistrial following a comment by the State that could have
been interpreted as a failure of appellant to testify at trial. 
          We affirm.
Background and Procedural History
          In 2005, 14-year-old E.B. told her father that she was dating appellant, a 36-year-old man. Her father contacted the police and took her to Texas Children’s
Hospital for a physical examination. Shortly thereafter, E.B. admitted having a sexual
relationship with appellant, and appellant was charged with sexual assault of a child. 
          During appellant’s trial, E.B. testified that she was 14 years old when she dated
appellant’s brother, Sam. She explained that she stayed in contact with appellant after
breaking up with Sam and that she and appellant had sex on multiple occasions. E.B.
testified that she had sex with appellant nine times, but was confused about dates and
times of occurrence. 
          Appellant questioned E.B. about her diary entries indicating that she
contemplated suicide. The State objected to the relevance, and appellant responded
that the testimony was relevant to E.B.’s state of mind at the time. Appellant
conducted voir dire examination, during which E.B. testified that she (1) wrote in her
diary about committing suicide; (2) told appellant that she was bipolar; (3) began to
get attached to appellant during this time, but that she had “always felt like that”; and
(4) did not know if the suicidal thoughts led her to become attached to appellant, but
that “it could be a possibility.” After the voir dire examination, the trial court
sustained the State’s objection excluding the testimony. 
          James Louis Lukefahr, M.D., a pediatrician and the director of University of
Texas Medical Branch’s ABC Center for victims of child abuse or neglect, testified
that the physical findings of E.B.’s examination were “normal,” but that her interview
and the detailed history that she provided were consistent with sexual abuse. 
Appellant sought to have Dr. Lukefahr provide testimony regarding whether E.B. had
sex with someone other than appellant. The trial court permitted appellant to conduct
voir dire examination of Dr. Lukefahr during which he testified that E.B. had
disclosed that she had previously had sex with Sam, appellant’s brother. Dr.
Lukefahr also testified that, in his opinion, she was sexually abused. The trial court
ruled that appellant’s line of questioning was appropriate except for the part
pertaining to E.B.’s sexual relationship with Sam. 
          After the State rested its case, appellant moved for a directed verdict because
all of the State’s case was based on E.B.’s “word,” which appellant thought to be
inconsistent. The trial court denied the motion. 
          During closing argument, the State commented on appellant’s phone records
that listed the time, date, and duration of calls made to E.B.. These records showed
appellant’s frequent communications with her. The State argued that, if someone else
had made the calls, appellant would have brought forth that person to testify to rebut
the State’s argument. Appellant objected stating “that’s not our burden.” The trial
court sustained appellant’s objection and instructed the jury to disregard. Appellant
then moved for a mistrial, which the trial court denied. Appellant was found guilty
and sentenced to life in prison. 
Medical Evidence
          In his first issue on appeal, appellant argues that the trial court erred in refusing
to allow his request to introduce evidence regarding E.B.’s past sexual conduct. He
contends that he should have been allowed to offer an alternative explanation of Dr.
Lukefahr’s determination that E.B. was sexually abused by appellant. Specifically,
appellant sought to admit the evidence to explain that he did not sexually abuse her,
but rather someone else sexually abused E.B. We disagree.
Standard of Review
          We review the trial court’s decision to admit or exclude evidence under an
abuse of discretion standard. Green v. State, 934 S.W.2d 92, 102 (Tex. Crim. App.
1996). 
Analysis
          Appellant argues that evidence of E.B.’s sexual relationship with Sam was
necessary to rebut the State’s medical evidence that appellant sexually assaulted E.B. 
Evidence of specific instances of an alleged victim’s past sexual behavior in a
prosecution for sexual assault is generally not admissible. Tex. R. Evid. 412(b). 
However, evidence that is necessary to rebut or explain scientific or medical evidence
offered by the State is admissible as a qualified exception to the general prohibition
against such evidence. Tex. R. Evid. 412(b)(2)(A). 
          Here, Dr. Lukefahr testified that E.B.’s examination was normal, and it could
not be determined whether she had sex with anyone. He also testified that, based on
the detailed history provided by E.B. and her father, her history was consistent with
sexual abuse. Testimony of specific instances of E.B.’s alleged past sexual contacts
with Sam would neither explain nor rebut the normal physical findings that were
inconclusive as to her sexual activity. Additionally, such testimony would neither
explain nor rebut E.B.’s and her father’s narrative accounts provided during her
medical examination alleging sexual abuse by appellant. Furthermore, it has
previously been upheld that, where a medical examination yields inconclusive results,
specific instances concerning the victim’s sexual past are not necessary for rebuttal
or explanation. Marx v. State, 953 S.W.2d 321, 337 (Tex. App.—Austin 1997), aff’d,
987 S.W.2d 577 (Tex. Crim. App. 1999) (holding that, if there is no conclusive
medical evidence found, the excluded evidence concerning the victim’s sexual past
is immaterial and unnecessary to explain or rebut). 
          If the State’s evidence proved that the physical examination results established
some evidence of trauma or injury, appellant would be justified in presenting
evidence of E.B.’s past sexual conduct to explain that someone other than the
defendant may have been responsible for the alleged sexual abuse. See Hood v. State,
944 S.W.2d 743, 746–47 (Tex. App.—Amarillo 1997, no pet.). However, Dr.
Lukefahr’s physical findings did not conclusively show that E.B. was sexually abused
by appellant; therefore, the fact that she had sex with his younger brother was
immaterial here. We hold that the trial court did not abuse its discretion in excluding
the evidence under rule 412(b)(2)(A). Thus, appellant’s first issue is overruled. 
 Mental Examination of Witness
          In his second issue, appellant argues that the trial court erred by refusing to
allow him to cross-examine E.B. concerning her mental state at the time of the alleged
sexual abuse, to establish her credibility as a witness. Appellant further contends that
such examination was also necessary to assess the existence of any bias, motive, or
ill feelings that might affect her credibility. We disagree. 
Standard of Review
          We review a trial court’s decision to admit or exclude testimony during cross-examination of a witness under an abuse of discretion standard. Cantu v. State, 939
S.W.2d 627, 635 (Tex. Crim. App. 1997). Such decision is not subject to reversal
absent a clear abuse of discretion. Id. 
Analysis
          Appellant argues that his cross-examination of E.B. was necessary to show
mental impairment that might reflect upon her credibility and that the trial court
improperly limited his right to cross-examine the most important witness testifying
against him. The credibility of a witness and weight to be given her testimony is a
matter for the jury to decide. See Tex. Code Crim. Proc. Ann. art. 38.04. (Vernon
1984). The limitations placed on cross-examination by evidentiary rules are also well
established. Attacks on a witness’s credibility by reference to specific instances of
conduct, except for certain criminal convictions, is prohibited. Tex. R. Evid. 608 (b). 
However, a jury is permitted to hear evidence which allows it to assess the credibility
of a witness. Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). 
Therefore, “[c]ross-examination of a testifying State’s witness to show that the
witness has suffered a recent mental illness or disturbance is proper, provided that
such mental illness or disturbance is such that it might tend to reflect upon the
witness’s credibility.” Virts v. State, 739 S.W.2d 25, 30 (Tex. Crim. App. 1987). 
Furthermore, the scope of cross-examination is broad and also includes a defendant’s
right to show a witness’s bias, interest, or motive to testify. Carroll, 916 S.W.2d at
497. 
          Here, the trial court permitted appellant to conduct a voir dire examination of
E.B. to determine the relevancy of the testimony. During this examination, appellant
asked E.B. about diary entries she wrote referencing depression and her desire to
commit suicide. She admitted writing the entries, but also explained that she “felt
like that” before meeting appellant and had “always felt that way.” She admitted that
she told appellant she was bipolar, and when asked whether these “problems” led her
to become attached to appellant, she responded that it was possible. This was the
testimony that appellant explored during voir dire and hoped to present to the jury. 
          A simple showing of a past mental disturbance alone does not rise to the level
of admissible impeachment evidence to call the witness’s credibility into question. 
Virts, 739 S.W.2d at 30. In contrast, 
If the witness is shown to have been suffering from a recent mental
illness, prior to the occurrence of the event in question, and such might
be considered a “persistent disabling disturbance of his mental and/or
emotional equilibrium, manifested through persistent maladjustment and
more or less irrational, even bizarre behavior and speech,”. . . then, of
course, the trial judge should permit the jury to hear this kind of
evidence. 

Id. Appellant’s voir dire examination of E.B. did not show a mental impairment of
this nature. Cf. Perry v. State, 236 S.W.3d 859, 865–67 (Tex. App.—Texarkana
2007, no pet. h.) (noting that the witness’s “mental impairment or disturbance” was
evidenced by testimony of the witness’s diagnosis of paranoid schizophrenia and
psychotic disorder, including ongoing experiences of hallucinations or visions). Nor
did the voir dire examination show that a mental illness or impairment affected E.B.’s
perception of the sexual relationship with appellant. See Scott v. State, 162 S.W.3d
397, 401–02 (Tex. App.—Beaumont 2005, pet. ref’d) (holding, for the purposes of
impeaching a witness’s credibility, cross-examination of the witness to show a mental
illness suffered must also show that such illness affected the witness’s perception of
events). 
          Appellant is correct in his assertion that it is proper to show a witness has
suffered a recent mental illness or disturbance if such is one that might tend to reflect
upon the witness’s credibility. However, appellant’s voir dire examination of E.B.
failed to show either evidence of a mental condition in accordance with prevailing
case law or evidence that her condition altered her perception of the offense, thus
damaging her credibility.
          Appellant is correct in asserting that he should be allowed to cross-examine
E.B. regarding any facts tending to affect her credibility, including that which
demonstrates bias, prejudice, or motive. However, the testimony obtained on voir
dire reflected nothing which demonstrated bias, prejudice, motive, or any factors
which would tend to affect E.B.’s credibility. Therefore, the trial did not abuse its
discretion in excluding this particular portion of testimony. Accordingly, we overrule
issue two. 
Motion for Directed Verdict
          In his third issue, appellant argues that the trial court erroneously denied his
motion for a directed verdict. Appellant specifically contends that the State’s case
contains numerous inconsistencies. We disagree. 
Standard of Review
          We treat a denial of a motion for directed verdict as a challenge to the legal
sufficiency of the evidence to support conviction. Williams v. State, 937 S.W.2d 479,
482 (Tex. Crim. App. 1996). A legal-sufficiency challenge requires us to determine
whether, after viewing the evidence in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We do
not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this was the function of the trier of fact. See Dewberry v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether both the
explicit and implicit findings of the trier of fact are rational by viewing all the
evidence admitted at trial in the light most favorable to the verdict. Adelman v. State,
828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. Matson v. State, 819 S.W.2d 839, 843
(Tex. Crim. App. 1991). 
Analysis
          Appellant does not argue against any particular element of the offense that the
State has either failed to prove or insufficiently proved. Appellant only argues that
E.B.’s testimony contains numerous inconsistencies and is insufficient to sustain his
conviction. 
          The criminal offense of sexual assault of a child requires that the State show
that appellant did intentionally or knowingly cause the penetration of the sex organ
of a child under 17 years old. See Tex. Pen. Code Ann. § 22.011. 
          In viewing the evidence in a light most favorable to the verdict, the evidence
at trial showed that appellant had sex with E.B. in 2005 when she was 14 years old. 
E.B.’s testimony also showed that she understood sex to mean that the appellant
inserted his penis into her vagina, that they engaged in sexual intercourse on several
occasions, and that she had never been married to appellant. Dr. Lukefahr’s
testimony revealed that he believed that she had been sexually abused. Furthermore,
evidence of other corroborating details were shown, such as (1) appellant’s phone
records showing calls received from and made to E.B., (2) an email from appellant
to E.B. attaching a photo of himself, (3) E.B.’s diary entries, and (4) E.B.’s mother’s
testimony regarding other suspicious activities. Based on this evidence, we find that
there is legally sufficient evidence to conclude that a rational trier of fact could have
found each of the essential elements of the crime beyond a reasonable doubt. Thus,
we overrule appellant’s third issue.
Mistrial
          In his fourth issue, appellant contends that the trial court erred in refusing to
grant his request for a mistrial following the State’s comments during final argument,
which he regarded to be aimed at his failure to testify during the trial. Appellant
argues that the comment was an indirect comment on his silence. 
Standard of Review
          In order to properly preserve an error for appeal, appellant must make an
objection and state “the grounds for the ruling that the complaining party [seeks] from
the trial court with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds [are] apparent from the context.” Tex. R. App.
P. 33.1(a). 
Analysis
          Here, during the State’s closing argument, the following exchange occurred:
STATE:. . . Again, as far as the phone calls, the suggestion, the
suggestion that you believe that these phone calls were
made by somebody else, if that had been the case, don’t
you think that they would have had his brother or
somebody else in here?
 
DEFENSE:Objection, your Honor. That’s not our burden.
 
TRIAL COURT:Objection sustained.
 
DEFENSE:Judge, I would like an instruction to disregard.
 
TRIAL COURT:The jury is instructed to disregard the last argument
by the District Attorney.
 
DEFENSE: Move for mistrial, your Honor.
 
TRIAL COURT:Motion denied.
          Appellant’s objection was not sufficient to make the trial court aware that it
was objecting in response to an implication by the State of his failure to testify. 
Additionally, appellant’s issue that is now raised on appeal was not apparent from the
context of the objection made in the trial court. Therefore, because the objection
made at trial does not comport with the issue raised on appeal, appellant has failed to
preserve the error for appellate review. We overrule issue four.
Conclusion 
          We affirm the judgment of the trial court.
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b)